FILED
2007 Aug-22  PM 04:04
U.S. DISTRICT COURT
N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **FELICIA D. REYNOLDS, on behalf of minor child, RICKY RA'DARIUS REYNOLDS** | ) ) ) ) |
| Plaintiff, | ) ) |
| vs. | ) )  CV 07-B-1010-S |
| **CITY OF HOOVER, ALABAMA; MAYOR TONY PETELOS; CHIEF NICK DERZIS; POLICE OFFICER MAC HARDY; POLICE OFFICER KEITH FOSTER; HOOVER BOARD OF EDUCATION; BILL VEITCH,** President, Hoover Board of Education; **PRINCIPAL RICHARD BISHOP; PRINCIPAL GENE GODWIN, deceased; ASSISTANT PRINCIPAL MARTIN NALLS; ASSISTANT PRINCIPAL BRIAN CAIN; CONNIE WILLIAMS,** Former Superintendent, | ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM OPINION

This case is presently before the court on plaintiffs' Motion for Leave to Proceed *In Forma Pauperis*. (Doc. 2.)[1] Plaintiffs, Felicia Reynolds and her son, Ricky Ra'Darius Reynolds have sued the City of Hoover, Alabama, its Board of Education, its Mayor, its Police Chief, two Police Officers, the President of the Board of Education, the former School

---

[1] Reference to a document number, ["Doc. ___"], refers to the number assigned to each document as it is filed in the court's record.

Superintendent, and two Principals and two Assistant Principals of Hoover High School. For the reasons set forth below, the court finds plaintiffs' Motion for Leave to proceed without prepayment of fees, (doc. 2), is due to be denied and plaintiffs' Complaint is due to be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).[2]

Plaintiffs allege causes of action pursuant to 42 U.S.C. § 1983 and Alabama common law for "injuries suffered by the [plaintiffs] due to [defendants'] failure to maintain [their] assumption of a duty to care and to protect [plaintiff] Ricky Ra'Darius Reynolds from assaults, harassment, and threats from Sean Joyner." (Doc. 1 at 1.) Plaintiffs' Complaint states:

> The defendants failed to enforce the duty of care that they assured F. Reynolds that her son R. Reynolds wouldn't be threaten[ed] or harmed by student Sean Joyner and out of fear for his life R. Reynolds used force that because deadly, to prevent further assault by student Sean Joyner upon Ricky Reynolds on the 19th day of November 2002.

---

[2]Section 1915(e)(2)(B)(i)-(ii), which governs *in forma pauperis* proceedings, provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that –
>
> . . .
>
> (B) the action or appeal –
>
>    (i) is frivolous or malicious;
>
>    (ii) fails to state a claim on which relief may be granted . . . .

(*Id*. at 5-6.)  Plaintiffs allege that defendants acted "negligently, careless[ly], and unskillfully." (*Id*. at 5.)  Ricky Reynolds was convicted of reckless manslaughter[3] in the death of Joyner in March 2006, and he is currently serving a twenty-year sentence.  (*Id*. at 4.)  Plaintiff Felicia Reynolds claims loss of consortium.[4]

## A. FEDERAL CLAIMS

### 1. Statute of Limitations

A federal district court may dismiss a claim *in forma pauperis* if it "determines that . . . the action . . . is frivolous or malicious [or] fails to state a claim on which relief may be granted . . . ." 28 U.S.C. § 1915(e)(2)(B)(i)-(ii).  A claim may be dismissed as frivolous *sua*

---

[3]In Alabama, "A person commits the crime of manslaughter if: (1) He recklessly causes the death of another person, or (2) He causes the death of another person under circumstances that would constitute murder . . .; except, that he causes the death due to a sudden heat of passion caused by provocation recognized by law, and before a reasonable time for the passion to cool and for reason to reassert itself." Ala. Code § 13A-6-3.

[4]The Complaint states:

> The defendant[s'] failure led to the [loss] of love, affection, consortium and companionship of her son R. Reynolds and mental anguish. R. Reynolds['s] imprisonment in a foreign sister state only allows F. Reynolds to see her son one day a month 532 miles away. Injuries suffered by F. Reynolds due to the defendant[s'] violating the duty of care assumed by them, that they would protect her minor son from student Sean Joyner['s] harassment, intimidation, and threats to do bodily harm. Their failure led to R. Reynolds being charged with the death of Sean Joyner, convicted of manslaughter and sentenced to 20 years from the love, affection, consortium and companionship of her son, plaintiff R. Reynolds and his mother F. Reynolds, and two younger sisters.

(Doc. 1 at 6.)

3

*sponte* when "it is clear from the face of a complaint filed *in forma pauperis* that the claims asserted are barred by the applicable statute of limitations." *See Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993); *see also Pino v. Ryan*, 49 F.3d 51, 53-54 (2d Cir. 1995); *Moore v. McDonald,* 30 F.3d 616, 620 (5th Cir. 1994); *see also Marsh v. Butler County*, 268 F.3d 1014, 1022 (11th Cir. 2001)("A complaint is also subject to dismissal under Rule 12(b)(6) when its allegations – on their face – show that an affirmative defense [such as statute of limitations defense] bars recovery on the claim.")

In this case, plaintiffs' cause of action accrued no later than November 19, 2002. Plaintiffs' § 1983 claims have a statute of limitations of two years. *Hooper v. City of Montgomery*, 482 F. Supp. 2d 1330, 1335 (M.D. Ala. 2007)(Defendants correctly recite that in Alabama claims brought under § 1983 are subject to a two-year statute of limitations.")(citing, *inter alia*, *Stuart v. Jefferson County Department of Human Resources*, 152 Fed. Appx. 798, 803 (11th Cir. 2005)(citing Ala. Code § 6-2-38 (2004), and *Lufkin v. McCallum*, 956 F.2d 1104 (11th Cir. 1992))). Therefore, from the face of their Complaint, plaintiffs' claims are time barred. However, the Complaint states that was Ricky Reynolds was a minor at the time the causes of action accrued and he is now imprisoned; therefore, "the Statute of Limitations does not attach until all of [Ricky Reynolds's] disabilities are removed." (Doc. 1 at 4.)

Section 6-2-8(a) of the Alabama Code states:

> If anyone entitled to commence any of the actions enumerated in this chapter . . . is, at the time the right accrues, below the age of 19 years, or

4

>insane, he or she shall have three years, or the period allowed by law for the commencement of an action if it be less than three years, after the termination of the disability to commence an action . . . . Nothing in this section shall be interpreted as denying any imprisoned person the right to commence an action enumerated in this chapter and to make any proper appearances on his or her behalf in such actions.

Ala. Code § 6-2-8(a). Imprisonment is not a disability in Alabama. *See id*, Comments to 1996 Amendment; *see also Boyd v. Solomon*, No. 2:07-CV-0403-MEF, 2007 WL 2059122, 2 (M.D. Ala. July 12, 2007)(On May 17, 1996, the Alabama legislature rescinded that portion of the tolling provision which previously applied to convicted prisoners.).

To be timely, Ricky Reynolds must have filed his claims within two years of his 19th birthday. Therefore, if Ricky Reynolds turned 19 before May 31, 2005 – two years before he filed this action – his claims are time-barred. However, although the Complaint alleges Ricky Reynolds was a minor at the time this action accrued, it makes no statement regarding the date of his 19th birthday. Therefore, the face of the Complaint does not show that Ricky Reynolds's claims are untimely.

However, Felicia Reynolds makes no claim that she was a minor or insane at the time her claims accrued. "The privileges afforded the class of individuals in s 6-2-8 . . . are personal to those who suffer the disabilities provided for by the statute." *Emerson v. Southern Ry. Co.*, 404 So. 2d 576, 580 (Ala. 1981). Therefore, Ricky Reynolds's presumed disability under § 6-2-8 does not toll the statute of limitation on Felicia Reynolds's claims, which are independent and separate from her son's claims. *Id*. The face of the Complaint

shows that Felicia Reynolds's § 1983 claim is time-barred, and her claims will be dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**2. Section 1983**

The Eleventh Circuit has held:

> Title 42 U.S.C. § 1983 provides every person with the right to sue those acting under color of state law for violations of federal constitutional and statutory provisions. 42 U.S.C. § 1983. Section 1983 is merely a vehicle by which to bring these suits; it does not create any substantive federal rights. Therefore, the plaintiff must point to a specific federal right that the defendant violated.

*Williams v. Board of Regents of University System of Georgia*, 477 F.3d 1282, 1299 (11th Cir. 2007)(citing *Whiting v. Traylor*, 85 F.3d 581, 583 (11th Cir. 1996)). Plaintiffs contend that their claims are brought pursuant to 42 U.S.C. § 1983. However, the Complaint does not identify any specific federal constitutional or statutory provision to have been violated by defendants. As best as the court can determine, plaintiffs' § 1983 claims rest on the substantive component of the due process clause of the Fourteenth Amendment to the United States Constitution.[5]

"[S]ubstantive due process does not require a State [or municipality] to protect its citizens' life, liberty, or property against invasion by private actors." *Griffin v. Troy State University*, No. 04-15055, 128 Fed. Appx. 739, 741 (11th Cir. 2005)(citing *DeShaney v.*

---

[5] Plaintiffs' Complaint does not allege differential treatment; therefore, the court finds the Complaint does not state a claim based on the Equal Protection Clause, § 1981, or Title IX.

*Winnebago County Department of Social Services*, 489 U.S. 189, 195 (1989)). Rather, "the substantive component of the Clause . . . protects individual liberty [as well as life and property] against certain ***governmental*** actions regardless of the fairness of the procedures used to implement them." *Collins v. City of Harker Heights*, 503 U.S. 115, 125 (1992)(internal quotations and citations omitted; emphasis added). Therefore, generally a person that is not injured while in the government's ***custody*** does not have a claim based on the government's failure to protect him. *Nix v. Franklin County School District*, 311 F.3d 1373, 1378 (11th Cir. 1992); *see also Walton v. Montgomery County Board of Education*, 371 F. Supp. 2d 1318, 1323 (M.D. Ala. 2005)(emphasis added). Children at school are not "in the custody of the State." *Walton*, 371 F. Supp. 2d at 1323 (quoting *Nix*, 311 F.3d at 1378); *see also Wyke v. Polk County School Board*, 129 F.3d 560, 569 (11th Cir. 1997). Therefore, "in a classroom setting, courts have not allowed due-process liability for deliberate indifference, and . . . will allow recovery for intentional conduct [of state actors] under limited circumstances." *Id*. (quoting *Nix*, 311 F.3d at 1378.)

Plaintiffs' Complaint alleges that defendants did not protect Ricky Reynolds from Joyner's bullying. As a result of defendants' failure to protect Ricky Reynolds from Joyner, according to plaintiffs, Ricky Reynolds killed Joyner. Nothing in the Complaint alleges that defendants acted with the intent to harm Ricky Reynold or with the intent that Joyner should harm him. Therefore, the court finds that plaintiffs' Complaint fails to state a § 1983/substantive due process claim against defendants.

Therefore, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), Ricky Reynolds's § 1983 claims are due to be dismissed for failure to state a claim for relief.

**C.  STATE LAW CLAIMS**

Section 1367(c) states, "The district courts may decline to exercise supplemental jurisdiction over a claim . . . if . . . (3) the district court has dismissed all claims over which it has original jurisdiction . . . ." 28 U.S.C. § 1367(c)(3). The basis for this court's subject-matter jurisdiction over plaintiffs' claims was federal question jurisdiction over plaintiffs' § 1983 claims and supplemental jurisdiction over their state-law claims. For the reasons set forth above, plaintiffs' § 1983 claims will be dismissed, leaving only their state-law claims. Precedent dictates that, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, [this court] should decline the exercise of jurisdiction by dismissing the case without prejudice." *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 (1988) (citations omitted); *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004)(The Eleventh Circuit has "encouraged district courts to dismiss any remaining state claims when, as here, the federal claims have been dismissed prior to trial.")(citations omitted).

Therefore, the court declines to exercise supplemental jurisdiction over plaintiffs' state-law claims. The court will dismiss plaintiffs' state-law claims without prejudice to plaintiffs' right to refile their Complaint in the appropriate state court.[6]

## CONCLUSION

Based on the foregoing, the court is of the opinion that plaintiffs' Motion for Leave to Proceed *In Forma Pauperis*, (doc. 2), will be denied and plaintiffs' § 1983 claims will be dismissed with prejudice *sua sponte*. *See* 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). The court declines to exercise supplemental jurisdiction over plaintiffs' state law claims; such claims will be dismissed without prejudice pursuant to 28 U.S.C. § 1367(c). An Order denying plaintiffs' Motion for Leave to Proceed *In Forma Pauperis*, (doc. 2), and dismissing their claims will be entered contemporaneously with this Memorandum Opinion.

**DONE**, this the 22nd day of August, 2007.

*Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE

---

[6] Section 1367(d) tolls the statute of limitations for a period of 30 days after Order dismissing this case is entered. 28 U.S.C. § 1367(d). This section, however, does not resurrect claims that were time-barred on or before May 31, 2007, the date plaintiffs filed this action.